Burns *v.* Pennsylvania Railroad Company, Appellant.

219   225
s222   407

*Negligence—Death—Damages—Measure of damages—Widow.*

In determining the damages which a widow is entitled to recover for the death of her husband, the loss is to be ascertained by taking into consideration what the deceased would have probably earned by his intellectual or bodily labor in his business or profession during the residue of his lifetime, and would have gone for the benefit of his widow, taking into consideration his age, ability and disposition to labor, and his habits of living and expenditure. Under this rule it is the duty of the jury to ascertain the earning power of the deceased at the time

of his death, not what he earned in any one year that the jury may select, and make that the basis of his earning capacity during the period of his expectancy. In estimating the total damages the jury must consider the time the deceased is expected to live and also the fact that during that time his earning capacity will diminish as the years go on. Having thus ascertained the total sum, its payment must be anticipated and capitalized and the present worth obtained.

In such a case a charge is erroneous which fails in these particulars: (1) in permitting the jury to select the amount earned by the deceased in any one year as the basis of ascertaining the amount of the verdict; (2) in permitting the jury to ascertain the amount of the damages by multiplying the amount earned by the deceased in any one year by the number of years of his life expectancy; and (3) in failing to tell the jury that the sum ascertained by considering the earning power of the deceased at the time of his death and the number of years of his life expectancy should be anticipated and capitalized so as to ascertain its value at the date of the rendition of the verdict.

Argued Oct. 16, 1907. Appeal, No. 94, Oct. T., 1907, by defendant, from judgment of C. P. Cambria Co., June T., 1903, No. 248, on verdict for plaintiff in case of Catherine Burns v. Pennsylvania Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for death of plaintiff's husband. Before O'CONNOR, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $14,480. Defendant appealed.

*Error assigned* among others was (2) portion of opinion quoted in the opinion of the Supreme Court.

*H. W. Storey,* for appellant.—Instructions as to damages were erroneous : Wilkinson v. North East Borough, 215 Pa. 486 ; R. R. Co. v. Loeffler, 51 S. W. Repr. 536 ; Lodge v. R. R. Co., 10 Phila. 153.

*E. T. McNeelis,* for appellee.—The learned trial judge did not commit reversible error in instructing the jury as to the proper measure of damages : Goodhart v. Penna. R. R. Co.,

177 Pa. 1; Wilkinson v. North East Borough, 215 Pa. 486; Fitzpatrick v. Traction Co., 206 Pa. 335; Kyle v. Southern Electric Light, etc., Co., 174 Pa. 570; McCloskey v. Bells Gap R. R. Co., 156 Pa. 254.

OPINION BY MR. JUSTICE MESTREZAT, January 6, 1908:

This is an action brought by a widow to recover damages for the death of her husband which she alleges was caused by the defendant's negligence.

The case was here on two former occasions, 210 Pa. 90, and 213 Pa. 280, and it is with much regret that we are compelled to remand it to the court below again for another trial. We think the instructions of the trial court on the measure of damages are clearly erroneous, and for that reason the judgment must be reversed. As the case goes back for a retrial, the questions raised by the other assignments of error become immaterial and need not be considered.

In his charge to the jury on the measure of damages the learned judge said : " In order to arrive at what he would be worth to her during the remainder of his natural life, you would consider his age and earning power with a view of determining how long he would be useful to his family as a breadwinner, and you would make your calculation, after having ascertained the probable number of years he would have been so useful to his family, had he lived, in multiplying the number of such years by the amount you would find he would earn in any one year, then deducting from that amount whatever you believed would be a reasonable amount, under the testimony in the case, for his expenditures." There is nothing in any other part of the charge which changes or modifies the rule thus laid down as the measure of damages. The jury, therefore, under these instructions, were at liberty to ascertain what the deceased earned in any one year and multiply that sum by the number of years he was expected to live and return the amount thus ascertained as their verdict. Such instructions were erroneous in at least two particulars : (a) in permitting the jury to select the amount earned by the deceased in any one year as the basis of ascertaining the amount of the verdict ; and (b) in permitting the jury to ascertain the amount of the damages by multiplying the amount earned

by the deceased in any one year by the number of years of his life expectancy.

The plaintiff was entitled to recover the pecuniary loss which she suffered by the death of her husband, and, as this court has determined time and again, the loss in such case is what the deceased would have probably earned by his intellectual or bodily labor in his business or profession during the residue of his lifetime, and what would have gone for the benefit of his widow, taking into consideration his age, ability and disposition to labor, and his habits of living and expenditure. Under this rule it is the duty of the jury to ascertain the earning power of the deceased at the time of his death, not what he earned in any one year that the jury may select, and make that the basis of his earning capacity during the period of his expectancy. In estimating the total damages the jury must consider the time the deceased is expected to live, and also the fact that during that time his earning capacity will diminish as the years go on. Having thus ascertained the total sum, its payment must be anticipated and capitalized and the present worth obtained. This is the proper method in ascertaining what is presently due and payable to the widow in this case, and is the rule which is recognized in all our cases. It ascertains, as accurately as can be, the pecuniary loss which she sustains by the death of her husband.

It will be observed that the measure of damages announced by the learned judge in his charge gave the jury too much latitude in determining the amount due the plaintiff. Under this charge the jury was at liberty to select as the basis of computation any year, the highest or the lowest, of the earnings of the deceased. They were also instructed to multiply that sum by the number of years he was expected to live, disregarding the important fact that his earning powers were necessarily diminished as he advanced in years. A further and material error was committed, as appears from what is said above, in not telling the jury that the sum ascertained by considering his earning power at the time of his death and the number of years of his life expectancy should be anticipated and capitalized so as to ascertain its value at the date of the rendition of the verdict. These were serious errors which would manifestly produce a wrong verdict and judgment.

The questions raised by the other assignments of error will disappear on another trial, and, therefore, need not be considered or determined now. The second assignment of error is sustained, the judgment is reversed, and a new *venire* is awarded.