# Burns *v.* Pennsylvania Railroad Company, Appellant.

*Arbitration—Conduct of arbitrators—Exceptions—Appeal.*

A defendant in an arbitration cannot object to the award, because of alleged misconduct of the arbitrator where it appears that his counsel was present at the arbitration, knew what the arbitrators did, entered no objection whatever to their conduct, but continued the arbitration until the cause was fully heard and disposed of.

Where the defendant in an arbitration files exceptions to the award, and at the same time appeals from it, the appeal remands the case to the common pleas, and thereafter it is immaterial what disposition is made of the exceptions so far as it affects the subsequent trial of the cause.

*Practice, C. P.—Trial—Continuance.*

Where a case was placed on the trial list on April 18, and is called on the first day of June the trial judge cannot be convicted of error in refusing to strike the case from the trial list, and this is especially so where it appears that the cause had been pending for over five years, had been tried several times in the common pleas, and had been three times in the Supreme Court.

*Change of venue—Newspaper comments—Practice, C. P.*

Where a defendant railroad company applies for a change of venue, the burden is upon the company to show to the satisfaction of the court that it would not have a fair and impartial trial in that jurisdiction.

The appellate court will not review the action of the trial court in refusing a change of venue because of alleged adverse comments of newspapers where it appears that the case had been tried four times with resulting verdicts of substantially the same amounts, and that the counsel for the defendant had invited discussion by replying in a lengthy article to the first comment on the case made by the press.

Argued Oct. 6, 1908. Appeal, No. 208, Oct. T., 1908, by defendant, from judgment of C. P. Cambria Co., June T., 1903, No. 248, on verdict for plaintiff in case of Catherine Burns v. The Pennsylvania Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband. Before O'CONNOR, P. J.

The opinion of the Supreme Court states the case.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $12,000. Defendant appealed.

*Errors assigned* amongst others were (1) dismissing exceptions to award of arbitrators; (2) in refusing a change of venue; and (9) in refusing binding instructions for defendant.

*H. W. Storey*, for appellant.

*E. T. McNeelis*, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 4, 1909:

This case was here on three former appeals: 210 Pa. 90; 213 Pa. 280; 219 Pa. 225. When it was here a year ago, we then expressed regret that we were compelled to remand it for another trial. We are now pleased to say that our judgment on this appeal will terminate the litigation which has been pending for nearly six years. Such delay frequently results in a denial of justice, and contravenes the maxim: Interest reipublicæ ut sit finis litium.

We have examined with care the twelve assignments of error and we fail to find any merit in a single one of them. The sixth, seventh, eighth and ninth assignments are not only without merit but have no exceptions of record to support them. They need not be considered. The court was clearly right in dismissing the exceptions to the award of arbitrators. They were frivolous and without substance, and the only apparent excuse for filing them was to delay the final adjudication of the cause. The rule to arbitrate was taken by the defendant company, the arbitrators were regularly and legally chosen, and after a hearing in which both parties participated, an award in due form was filed. The exceptions to the award by the defendant was to the alleged misconduct of the arbitrators. As shown by the opinion of the court in refusing to sustain the exceptions, the allegation of misconduct was wholly unfounded. What was done by the arbitrators was done in

the presence of counsel of both parties, and no objection was taken thereto until after the award had been filed. The defendant's counsel was present, knew what the arbitrators did, entered no objection whatever to their conduct, but continued the arbitration until the cause was fully heard and disposed of. At the time the exceptions were filed, the defendant also appealed from the award of the arbitrators. The appeal remanded the case to the common pleas, and thereafter it was immaterial what disposition was made of the exceptions so far as it affected the subsequent trial of the cause. The case was then ripe for trial in court without further delay by reason of the arbitration.

The learned judge was unquestionably right in refusing to strike the cause from the June trial list. The case was placed on the list on April 18, 1908, and was tried the first day of the following June. In view of the fact that the cause had been pending for over five years, had been tried several times in the common pleas, and had been three times in this court, the defendant company was not in a position to allege undue haste in the trial or that it did not have an opportunity to prepare for trial. The court in its opinion says: "The cause is regularly placed upon the list and the action of the prothonotary in placing it upon the list in compliance with præcipe of plaintiff was entirely legal and indeed any other action on the part of the prothonotary would not have been warranted." This is a construction by the learned court of its own rules with which we will not, under the circumstances of this case, interfere. To strike the case from the June trial list and postpone it to the next term, several months thereafter, as asked for by the defendant company, would have been an infringement of the plaintiff's right to a speedy trial of the cause. The motion to strike the case from the trial list was properly overruled.

There was no sufficient ground shown by the defendant company to sustain its application for a change of venue which was presented to the court on the day the case was called for trial. The burden was upon the company to show to the satisfaction of the court that it would not have a fair and impartial trial in that jurisdiction. As the learned judge below correctly says, "There was no proof of any sort presented to sustain the applica-

tion, and no evidence offered to show that any juror summoned to attend court has been in anywise influenced by the publications complained of." The answer of the plaintiff denied the averments of the petition for the change of venue, and in the absence of any evidence to support its allegations, the court was warranted in declining to order the change. The cause assigned in the petition was the alleged "unfair, improper, and in many instances, untruthful statements" of the press of Cambria county relative to the case, producing conditions which prevented a fair and impartial trial of the cause in the county. That the comments of the press had no such effect and did not increase the amount of the verdict is shown by the fact that before the press had discussed the case at all, the jury on the first trial in December, 1903, returned a verdict for $12,000, which is the exact amount of the last verdict. In view of the further fact that two other juries returned verdicts for $12,537 and $14,480, respectively, it is apparent, we think, that the learned trial judge committed no error in holding that the discussion of the case by the press of Cambria county did not deprive the defendant company of a fair and impartial trial. It may also be observed that if the press of Cambria county did comment upon the case, and discuss its merits, the defendant company, through its counsel, is not entirely without fault in inviting such discussion. From the excerpts from the press, printed as defendant's exhibits in its paper-book, it appears that the second day after the first comment on the case was made by the press, the counsel for the defendant replied in a lengthy article in defense of his company. If, therefore, the case was tried in the newspapers of the county, the defendant company, by its counsel, and not the plaintiff, was responsible in part for its submission to that tribunal for adjudication. He who invites war must accept its consequences.

The other assignments of error are also without merit and need not be noticed. The case was unquestionably for the jury, and the court would have committed reversible error in directing a verdict for the defendant company or in entering judgment for it non obstante veredicto.

The judgment is affirmed.