Staggers, Appellant, *v.* Dunn-Mar Oil
& Gas Company.

Argued March 27, 1933.  Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

270

*Lloyd E. Pollock,* with him *James J. Purman,* for appellant.

*William J. Kyle,* with him *P. D. Reinhart,* of *Kyle & Reinhart,* for appellee.

OPINION BY MR. JUSTICE KEPHART, April 10, 1933:

Ned L. Staggers, an adult, unmarried son of plaintiff, J. E. Staggers, resided with his father and was employed by appellee at one of its oil wells. He was injured in the course of his employment on March 8, 1929, from which injury he died on November 9th of the same year. Compensation under the provisions of the Workmen's Compensation Act was paid him during his illness. Appellant, the father, claiming to have expended for maintenance, medical treatment and funeral charges for his son, large sums of money in excess of the amount of compensation, brought an action in trespass to recover the money so expended and for loss of services. The lower court held that he could not recover.

In appellant's statement, he avers that his son did not have sufficient funds to meet the expenses enumerated above from the money provided him pursuant to the compensation act and that the amount was wholly inadequate; that it was necessary for appellant to expend

large sums of money for doctors, hospital and nursing care; that in addition to the money paid out in this manner he had been deprived of his son's help on and around the farm, and his services generally.

It is contended that the liability of the defendant arises, first, through the Act of March 20, 1803, P. L. 29, 4 Smith's Laws 65, amended by the Act of June 13, 1836, P. L. 539, which compels a parent, under given conditions, to maintain his child. Appellant states that though he may have been prompted by response to a call of parental duty to use every means within his power to save the life of his son and restore him to health, he asks that his expenditure of the sums mentioned be viewed as under legal compulsion. As the tort-feasor was responsible for the son's misfortune, it should recompense him.

If the father had any right to recover at common law or under the Act of 1836,—this we do not decide for the claim is subject to attack on many other grounds,—this right or claim was wholly superseded by the remedies under the Workmen's Compensation Law.

The Act of 1836 provides a maximum sum to be paid by a parent in support of a child who comes clearly within the definition of a poor person under the poor laws: Wertz v. Blair Co., 66 Pa. 18. Courts should not fix an amount beyond that mentioned in the act. If a child is not within the poor class as defined, the legislature did not intend that a parent of means should share it with that child. The evidence must show a case of need within the law. But here is an employee who is compensated under the Workmen's Compensation Act of 1915 and its amendments. Therein is a legislatively determined schedule of compensation for injured employees. The minimum there fixed to be paid an employee injured in the course of employment is the maximum required to be paid under the poor law. The compensation act also requires the employer, in addition to the compensation, to pay the costs of reasonable surgical, medical and hospital services, medicines and supplies. A maximum

amount is fixed for such ordinary services and also for major surgical operations. In case of death, the reasonable expenses of the last sickness and burial, not exceeding one hundred dollars, must be paid by the employer. The legislature having established as between employer and employee what is reasonable and necessary for the proper maintenance, support, care and burial expenses of an employee who had been injured in the course of employment, it measures the limit of the employer's liability. Third parties who may render additional assistance or the employee who pays for such assistance have no claim against the employer for such expenditures. Moreover, a parent or other relative liable under the poor laws for the support of designated relatives mentioned in the Act of 1836 cannot be compelled under that act to furnish support to such person who is then receiving compensation under the Workmen's Compensation Act. They are not poor persons within the Act of 1836 or the statutes relating to poor persons.

Appellant further contends that appellee is liable under the Act of April 15, 1851, P. L. 669; Act of April 26, 1855, P. L. 309, section 1, and the Act of 1868, P. L. 58, section 2. The Act of April 15, 1851, P. L. 669, authorizes an action for damages when death is occasioned by unlawful violence or negligence. The Act of 1855, designates the persons who may exercise the right conferred by the Act of 1851: Gaydos et al. v. Domabyl, 301 Pa. 523, 529. The cause of action ("unlawful violence or negligence") contemplated by the statute is the tort which produces the death, and not the death caused by the tort: Centofanti v. P. R. R. Co., 244 Pa. 255, 262; Derr v. Lehigh Valley R. R. Co., 158 Pa. 365; Howard v. Bell Telephone Co., 306 Pa. 518, 522. The action after death is for the same injury and on the basis of the same negligence: Howard v. Bell Telephone Co., supra, at page 523. If there was no negligence there would be no liability on anyone, but if there was negligence, the injured had a common law right of action against the tort-

feasor. When he died without bringing suit, his right died with him. By the Act of 1851 a new right was created, but the right grounded in the cause of action originated in unlawful violence or negligence.. The survivor asserting such right could sue only if the decedent could have done so had he lived: Howard v. Bell Telephone Co., supra; Hoodmacher v. Lehigh Val. R. R. Co., 218 Pa. 21, 23. In addition, the Act of 1927, P. L. 992, section 1, supplementing the acts referred to, gives the right to recover for funeral expenses and medical services where the family relation exists. P. R. R. Co. v. Adams, 55 Pa. 499, cited, holds that in the acts mentioned, though a son be over age at the time of his death and not subject to the control of his father, the words "parents" and "child" used therein indicated "family relation" in fact, without regard to age, as the act fixes no period at which parents may not sue for the loss occasioned by death of a child as a result of negligence or violence. This was the foundation of the claimant's right of action (apart from the cause of action). The Act of 1927 did not alter the effect of this case, but did enlarge the scope of recoverable damages by including medical and funeral expenses: Gaydos et al. v. Domabyl, supra, at page 532.

This and other authorities may lay down the correct principle of law as to such actions, and controlled them until the Workmen's Compensation Law was enacted. That act sets up a complete system for the payment of compensation (damages) to employees engaged in industrial pursuits injured while in the course of employment. The act writes into the contract of hiring an additional provision requiring the employer to pay to such an employee for such injury a standard of compensation there determined.

The agreement thus entered into is in lieu of all other contracts, claims, or engagements and repeals so much of the Act of 1851 and 1855 in so far as they relate to actions sustainable under those acts for injuries result-

ing in the death of employees bound by compensation contracts. The act in this respect speaks for itself.

Article I, section 1, provides that between employer and employee the act applies to all accidents occurring within the Commonwealth. Article III, section 301, provides that when the employer and the employee accept the provisions of this act, compensation for personal injuries to or for the death of such employee by an accident in the course of employment shall be made without regard to negligence according to the schedules contained therein. Section 302 (a) provides that "In every contract of hiring......it shall be conclusively presumed that the parties have accepted the provisions of article III of this act, and have agreed to be bound thereby," unless in a specific way they take themselves out of the act. Section 303 provides that "Such agreement shall constitute an acceptance of all the provisions of article III of this act, and shall operate as a surrender by the parties thereto of their rights to any form or amount of compensation or damages for any injury or death occurring in the course of the employment, or to any method of determination thereof, other than as provided in article III of this act. Such agreement shall bind the employer and his personal representatives," and all other persons who may receive compensation through the employee.

After striking down in article II all the defenses usually available to an employer, it gives to the employee a wide latitude against an employer who does not accept the act, but when the employer accepts the contract and the employee does likewise he does so with the distinct understanding that his acceptance is "in lieu of his right of action under article II." He thereby sweeps away any possibility that a person standing in the relation of his father could have any claim outside the Compensation Act.

Also section 307 relates to the payment of funeral expenses and medical services. It provides that in case of

death the father and mother of the employee, if dependent, are entitled to compensation. Any claim the father might have, must be worked out through this section of the act. If the son contributed his services to the father in helping on the farm, and the father was dependent on such services, such dependency may be the basis of a proper claim under the act. We may note in passing that had the employee expended a sum of money for medical treatment in excess of the amount of compensation he was then being paid, and medical services and hospital bills that the employer was required to pay, this would not vary the amount of compensation he was entitled to receive, nor would it give him a right to proceed at common law to collect such excess expenditures. The rights of the father certainly should rise no higher than the son's in this respect.

We have construed these sections in a number of cases. It is scarcely necessary to refer to them: Gallivan v. Wark Co., 288 Pa. 443; Zimmer v. Casey, 296 Pa. 529; Kline v. Pittsburgh Stamp Co., 278 Pa. 467, 468; Swartz v. Conradis, 298 Pa. 343; Delaney v. Phila. C. & I. Co., 272 Pa. 578; Campagna v. Ziskind, 287 Pa. 403; Persing v. Citizens Traction Co., 294 Pa. 230.

That the father is bound by his son's contract appears not only from the act itself but in two of our decisions interpreting it. In Delaney v. Phila. C. & I. Co., supra, an opinion by Mr. Justice SIMPSON, where a father was bound by the compensation contract of a minor who was not obligated by the act to take the compensation, at page 581 it is said: "In the present instance the supplemental agreement of December 29, 1929, has never been 'modified or set aside' and hence is 'valid and binding,' and must 'operate as a surrender by the parties thereto of their rights to any form or amount of compensation or damages for any injury or death occurring in the course of their employment, or to any method of determination thereof, other than as provided in article III of this act': Section 303 of the Act of June 2, 1915, P. L. 736, 740.

276

This, of course, covers the father's claim also, for when the act applies, defendant is liable only for the payments thereby required." To the same effect is Kline v. Pittsburgh Stamp Co., supra. See Liberato v. Royer & Herr et al., 81 Pa. Superior Ct. 403, affirmed in Liberato v. Royer et al., 281 Pa. 227, and also in Liberato et al. v. Royer et al., 270 U. S. 535.

The cases from other states which contain provisions in their compensation acts differing from ours need not be considered. Our decisions must rest on our own statutes and the interpretations given them by this court.

We conclude that to permit such claims as appellant's, despite our sympathetic approbation of his wholly natural and unselfish conduct, would subvert and impair the social policy upon which this compensative system rests.

Judgment affirmed.