Potter Title & Trust Company, Admr., Appellant, *v.* Petcoff et al.

Argued May 1, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Abraham Fishkin,* for appellant.

*John D. McIntyre,* of *Bialas, Ryan, Irons & McIntyre,* for appellee.

OPINION BY RHODES, J., July 10, 1936:

This is an action in trespass brought by the plaintiff, as administrator of the estate of Clayton Murray, against the defendants to recover expenses of the last illness and burial of its decedent, whose death was caused by the alleged negligence of the defendants. The expenses sought to be recovered consist of physician's fees for attending decedent during his last illness, hospital and nursing charges for care of decedent during his last illness, and funeral expenses.

Clayton Murray, the deceased, was struck by a truck which was owned by Nicholas Petcoff, one of the defendants, and operated and driven by his servant, Mike Kulich, the other defendant. As a result of the injuries which he sustained, Clayton Murray died about eight days after the accident. Letters of administration were granted on his estate to the Potter Title and Trust Company, the plaintiff. During his lifetime the deceased did not institute any action against the defendants for his injuries. He was not survived by any widow, children, or parents.

The defendants filed an affidavit of defense, questioning plaintiff's right to recover on the facts. The court below entered judgment in favor of the defendants; the plaintiff appealed.

Appellant contends that it has the right to bring an action to recover the funeral expenses of the deceased and the expenses incurred for his medical and surgical care, under section 1 of the Act of May 13, 1927, P. L. 992, No. 480 (12 PS §1604), although the deceased instituted no action against the defendants during his lifetime and left surviving him no widow, children, or parents. Section 1 of the Act of May 13, 1927, P. L. 992, No. 480 (12 PS §1604), reads as follows: "Whenever any person or persons, who are authorized by law so to do, shall bring an action to recover damages for a death caused by unlawful violence or negligence of the defendant, the plaintiff may recover, in addition to the damages now recoverable in such actions, the expenses incurred for medical and surgical care and for nursing of the deceased, and such other expenses caused by the injury which resulted in death as could have been recovered in an action begun by the injured person in his lifetime; and plaintiff may also recover the reasonable funeral expenses of the deceased, if plaintiff has paid or incurred such expenses."

The real question presented to us on this appeal is: What is meant by the words "who are authorized by law so to do" in section 1 of the act of 1927, quoted supra?

At common law a right of action for an injury resulting in death did not survive; there was no right in any one to recover damages for the death of another.[1] This common-law rule was abrogated in England by the Act of 9 & 10 Vict., c 93, §1, known as "Lord Campbell's Act," passed in 1846. Howard v. Bell Telephone Co., 306 Pa. 518, 520, 160 A. 613, 614.

[1] Centofanti v. Pennsylvania R. Co., 244 Pa. 255, 260, 90 A. 558, 560; Regan v. Davis, 290 Pa. 167, 171, 138 A. 751, 753, 54 A. L. R. 1073; Gaydos et al. v. Domabyl, 301 Pa. 523, 529, 152 A. 549, 551; Kaczorowski v. Kalkosinski, Adm'r, 321 Pa. 438, 184 A. 663.

The Act of April 15, 1851, P. L. 669, §19 (12 PS §1601), authorizes an action for damages when death is caused by unlawful violence or negligence. The Act of April 26, 1855, P. L. 309, §1, as amended by section 1 of the Act of June 7, 1911, P. L. 678 (12 PS §1602), designates the person or persons who may exercise the right conferred by the act of 1851.[2] The Acts of April 15, 1851, and April 26, 1855, are based on Lord Campbell's Act.[3]

These acts altered the common law and created a new right of action, and they are "not to be extended beyond their obvious import."[4] Moreover, it is important to bear in mind that the family relation is the foundation of the right of action authorized.[5] Section 19 of the Act of April 15, 1851, was not repealed by section 1 of the Act of April 26, 1855. The latter goes no further than to designate the person or persons who, in connection with the widow, and in lieu of the "personal representatives," shall thereafter be entitled to exercise the statutory right of action conferred by the Act of April 15, 1851.[6] The right of action given to the per-

[2] Gaydos et al. v. Domabyl, 301 Pa. 523, 529, 152 A. 549, 551; Staggers v. Dunn-Mar Oil & Gas Co., 312 Pa. 269, 272, 167 A. 785, 786.

[3] See Howard v. Bell Telephone Co., 306 Pa. 518, 520, 160 A. 613, 614; Deni v. Pennsylvania R. Co., 181 Pa. 525, 528, 37 A. 558, 559; Kaczorowski v. Kalkosinski, Adm'r, 321 Pa. 438, 184 A. 663.

[4] See Strain, Adm'r, v. Kern, 277 Pa. 209, 212, 120 A. 818, 819; Regan v. Davis, 290 Pa. 167, 172, 138 A. 751, 753; Kaczorowski v. Kalkosinski, Adm'r, 321 Pa. 438, 184 A. 663.

[5] Pennsylvania Railroad Co. v. Adams, 55 Pa. 499; Gaydos et al. v. Domabyl, 301 Pa. 523, 529, 152 A. 549, 551; Staggers v. Dunn-Mar Oil & Gas Co., 312 Pa. 269, 273, 167 A. 785, 786; Deni v. Pennsylvania R. Co., 181 Pa. 525, 529, 37 A. 558, 559.

[6] Birch et al., Ex'rs, v. Pittsburgh, C., C. & St. L. Ry. Co., 165 Pa. 339, 346, 30 A. 826, 827; Centofanti v. Pennsylvania R. Co., 244 Pa. 255, 260, 90 A. 558, 560; McCafferty v. Pennsylvania R. Co., 193 Pa. 339, 44 A. 435; Miller et al. v. Pennsylvania R. Co., 256 Pa. 142, 146, 100 A. 654, 655.

sonal representative by section 19 of the Act of April 15, 1851, was obviously withdrawn by section 1 of the Act of April 26, 1855, in order that damages might be recovered in such actions only by and for the benefit of those persons most directly and severely injured, to wit, husband, widow, children, or parents of the deceased. Books, Adm'r, v. Borough of Danville, 95 Pa. 158, 165.

Our courts have repeatedly held, in construing these acts, that the right of action is confined to the four separate parties designated, to one of whom, according to the circumstances of each case, the right of action is given (Huntingdon and Broad Top Railroad and Coal Co. v. Decker, 84 Pa. 419, 425; Birch et al., Ex'rs, v. Pittsburgh, C., C. & St. L. Ry. Co., 165 Pa. 339, 346, 30 A. 826, 827), and that, where the deceased has left no husband, widow, children, or parents, and no action for the injuries sustained had been started by the deceased in his or her lifetime, there was no right to recover damages in the administrator or executor of the deceased person (Bause v. Kreiger, 265 Pa. 395, 109 A. 128). Section 35(b) of the Fiduciaries Act of June 7, 1917, P. L. 447, as amended (20 PS §772), did not confer authority on an executor or administrator to begin an action for personal injuries to his deceased when the latter did not commence it in his lifetime. Strain, Adm'r, v. Kern, 277 Pa. 209, 120 A. 818.

Article III, §21, of the Constitution of 1874 (amended November 2, 1915) (Const. Art. III, §21), permits the Legislature to prescribe for whose benefit such actions should be prosecuted. In the case of Books, Adm'r, v. Borough of Danville, 95 Pa. 158, at page 165, it was held: "The Act of 15th April, 1851, gave a right of action for such injuries to the personal representatives of the deceased ...... Hence it was that a change was made, and by a new act passed 26th April, 1855, the right of action for such injuries was taken

away from the personal representatives of the deceased, and conferred only upon parents for the loss of children, and children for the loss of parents, and reciprocally upon husband and wife. So far as this subject is concerned, this was the conditon of the law in 1873, when the present Constitution was adopted. Of course as this right of action was derived from legislative enactment it might, in the same mode, be taken away. To prevent this being done a special provision was incorporated in the organic law, declaring that in cases of death resulting from injuries 'the right of action shall survive, and the General Assembly shall prescribe for whose benefit such action shall be prosecuted.' Since the adoption of the Constitution no new legislation has been enacted on this subject. It is plain, therefore, that the Act of 1855 prescribing the persons 'for whose benefit such actions shall be prosecuted,' is still the law. No other persons have been clothed with the right, and hence no other persons can sustain such actions. The present action is brought by an administrator to recover damages for injuries resulting in the death of the intestate. But the legislature has not declared that such a person may maintain such an action, and hence the right to do so does not exist. The designation of the persons for whose benefit such actions shall be prosecuted is expressly referred to the action of the legislature by the language of the Constitution. No such law has been enacted, and hence the inference is irresistible that the persons who may now exercise that right are those, and those only, who could do so at the time of the adoption of the Constitution." See, also, Birch et al., Ex'rs, v. Pittsburgh, C., C. & St. L. Ry. Co., supra, 165 Pa. 339, 347, 30 A. 826, 827; Usher v. West Jersey R. Co., 126 Pa. 206, 212, 17 A. 597, 598.

It is evident that prior to the Act of May 13, 1927, the person or persons who were authorized by law to bring

an action to recover damages for death caused by unlawful violence or negligence were the husband, widow, children, or parents of the deceased, as enumerated in the Act of April 26, 1855, P. L. 309, §1, as amended by the Act of June 7, 1911, P. L. 678, §1.

Under the Acts of 1851 and 1855, there could be recovery only for loss of pecuniary benefits which the persons who were authorized to sue would have received from the deceased had death not intervened.[7] The Act of May 13, 1927, supplemented the Acts of 1851 and 1855 by giving the right to recover for medical, surgical, nursing, funeral, and other expenses, where the family relation exists. Staggers v. Dunn-Mar Oil & Gas Co., 312 Pa. 269, 273, 167 A. 785, 786. The Act of 1927 only enlarges the scope of recoverable damages (Gaydos et al. v. Domabyl, 301 Pa. 523, 532, 152 A. 549, 552; Staggers v. Dunn-Mar Oil & Gas Co., supra), and in no way authorizes any person to bring an action to recover such damages, other than the husband, widow, children, or parents of the deceased, who are the only persons authorized by law so to do.

Under the existing law, the appellant cannot recover.

Judgment of the court below is affirmed.

---

[7] Kaczorowski v. Kalkosinski, Adm'r, 321 Pa. 438, 184 A. 663; Gaydos et al. v. Domabyl, 301 Pa. 523, 152 A. 549; Burns v. Pennsylvania R. Co., 219 Pa. 225, 68 A. 704; Regan v. Davis, 290 Pa. 167, 171, 138 A. 751, 753.