## CHILDS et ux. v. CHILDS.

### No. 3153.

Court of Civil Appeals of Texas. Beaumont.

July 8, 1937.

Sanders & McLeroy, of Center, for appellants.

John R. Anderson, of Center, for appellee.

COMBS, Justice.

J. F. Childs and wife, Sallie Childs, are the parents of Marlie Childs, deceased. They brought this suit in the district court of Shelby county against Reable Childs, widow of Marlie Childs, and against Terrence R. Bramlett, as defendants, for the wrongful death of their son Marlie Childs. They alleged, in substance, that the defendants, Reable Childs and Terrence Bramlett, her paramour, by a previously formed design and conspiracy between them did, on the night of April 23, 1936, wrongfully and unlawfully murder Marlie Childs by shooting him in the back of the head through a window in his own home. They pleaded that they were poor; that they were dependent upon said Marlie Childs for contributions; that he was loyal and faithful to them, had contributed to them liberally and would have continued to do so had he lived. They sued for damages for loss of said contributions in the amount of $10,000.

The trial court sustained the general demurrer of Reable Childs to plaintiffs' petition. The case proceeded to trial against Bramlett and resulted in a judgment in plaintiffs' favor for $5,000. That judgment was not appealed from, but plaintiffs appealed from the order sustaining Reable Childs' general demurrer and dismissing the case as to her.

It will be seen from the above that but one question is presented here and that is

whether the parents of a deceased son have any cause of action against the surviving wife for wrongfully causing his death.

At common law no right of action existed in any one for the death of another, no matter how tortiously or wrongful the injury resulting in death may have been. Civil actions for wrongful death are wholly of statutory creation. The statute creates the right of action and specifies the class of persons who may assert it and against whom it may be asserted. 33 Tex.Jur. 15; Elliott v. City of Brownwood, 106 Tex. 292, 166 S. W. 1129; Sullivan-Sanford Lumber Co. v. Cooper, 105 Tex. 21, 142 S.W. 1168. It follows, therefore, that if the plaintiffs have any cause of action against the defendant Reable Childs, it must be founded upon a statute creating such cause of action in their favor.

Vernon's Ann.Civ.St. art. 4671 provides for cause of action for actual damages on account of the injuries resulting in death and which are caused by wrongful act, negligence, carelessness, etc. The succeeding article, 4672, reads: "The wrongful act, negligence, carelessness, unskilfulness or default mentioned in the preceding article must be of such character as would, if death had not ensued, have entitled the party injured to maintain an action for such injury."

The quoted article clearly limits the right of action for wrongful death granted by the preceding article to those cases in which the deceased could have himself maintained an action for the injury had he survived. Such limitation is general in its nature and by its terms has application to every action for wrongful death by whomsoever it may be asserted. It necessarily follows that the statute does not preserve to any one a right of action for wrongful death unless the deceased could have maintained the action had he survived. Wilson v. Brown (Tex.Civ. App.) 154 S.W. 322 (writ refused); Magnolia Coca-Cola Bottling Co. v. Jordan, 124 Tex. 347, 78 S.W.(2d) 944, 97 A.L.R. 1513; Norman v. Valley Gin Company (Tex.Civ. App.) 99 S.W.(2d) 1065. See, also, case note on Gowin v. Gowin (Tex.Com.App.) 292 S.W. 211; 3 Texas Law Review, 326; also case note on Katzenberg v. Katzenberg, 183 Ark. 626, 37 S.W.(2d) 696 in 10 Texas Law Review 242.

The inquiry then is narrowed to the sole question of whether or not Marlie Childs, the deceased husband, would have had a cause of action against his wife, the defendant Reable Childs, had he survived the injury. We think the decisions of our courts have settled that question against the contention of the appellants. The rule seems to be settled in this state that a husband or wife has no cause of action against the other for damages for injuries occasioned by the wrong or negligence of the spouse. Nickerson & Mattson v. Nickerson, 65 Tex. 281; Gowin v. Gowin (Tex.Com.App.) 292 S.W. 211; Wilson v. Brown (Tex.Civ.App.) 154 S.W. 322.

The appellants, in effect, concede that Marlie Childs could not have maintained a suit against the defendant Reable Childs for the injuries had he survived. But it is insisted that such rule does not preclude the father and mother from suing the appellee Reable Childs for the reason that the cause of action asserted by the parents is for the loss of contributions which they would have received from the deceased had he lived, a cause of action separate and distinct from any that the deceased would have had. The case of Kaczorowski v. Kalkosinski, 321 Pa. 438, 184 A. 663, 104 A.L.R. 1267, by the Supreme Court of Pennsylvania, is an interesting discussion of the view that the cause of action asserted by the parents is not the same cause of action which could have been asserted by the child, had he survived the injury. But it should be noted that the Supreme Court of Pennsylvania was dealing with the death statute of that state, which is materially different from ours, and in any case, no matter how sound the reasoning of that case may be on the point it cannot aid us here. Our statute limiting death actions to such as could have been asserted by the deceased had he survived the injury measures the limit of the statutory creation of such causes of action, and so if it be conceded that the cause of action attempted to be here asserted by the plaintiffs is different from any cause of action that the deceased son could have asserted, the plaintiffs are still left without any cause of action for the simple reason that it does not come within the statute creating a right of action in death cases.

It will be noted that plaintiffs' failure to have any cause of action against the defendant Reable Childs arises out of the statute creating the right of action in death cases and limiting it to the cases where the deceased could have maintained a suit had he survived, plus the rule prevailing in this state that one spouse cannot sue the other in damages for personal injuries inflicted by

the other. The Pennsylvania case above cited critically examines the rule prevailing in most states which forbids one spouse to sue the other. Judge Spear, in his work on Marital Rights in Texas (2d Ed.) page 337, § 268, criticizes the Texas rule which permits a wife to sue the husband for conversion of her property, but will not permit her to sue him for injuries to her person or reputation. It may be, as suggested by Judge Spear, a strange public policy that would permit a wife to sue her husband for a trifling debt but deny her the right to sue him for a brutal personal assault upon her. But no matter how illogical the reasoning advanced in support of the rule may appear, or how unfair and inequitable in application we may believe it to be, still there can be no doubt as to what the rule is in this state. And it is, of course, the duty of courts to apply the law as it is and not as they might believe it ought to be.

It is our conclusion that the trial court properly sustained the general demurrer of the defendant Reable Childs. The judgment of the trial court is accordingly affirmed.