## Norton et ux. v. Regan et al.

*David A. Saltzburg*, for plaintiff.
*John B. Martin*, for defendant.
*Frank R. Ambler*, for additional defendant.

WINNET, J., December 15, 1944.—The additional defendant has filed a motion to dismiss the order of joinder. The original action was by Hal C. Norton and Genevieve Norton, his wife, against defendant, Joseph J. Regan, for damages arising out of an accident which occurred on December 11, 1943, in the City of Philadelphia. This action was severed by stipulation on October 4, 1944, in order to allow defendant to bring Hal C. Norton, the husband, upon the record as an additional defendant in the action by the wife. Following the approval of the stipulation, the complaint of defendant was filed and the cause of action stated with the conclusion that the additional defendant, Hal C. Norton, "was alone liable or severally liable to the plaintiff, Genevieve Norton, for the cause of action declared on in said suit". A motion to dismiss the joinder was thereupon filed.

The basis of the motion to dismiss is the claim that the effect of the joinder is to make the husband a defendant in the suit by the wife. This much is clear: A married woman cannot sue her husband in tort. A full discussion of the principle is contained in Kaczorowski v. Kalkosinski, Admr., 321 Pa. 438, 442. It is also clear that a spouse may be joined as an additional defendant in a suit to enforce a right of contribution by the original defendant. Koontz v. Messer et al., 320 Pa. 487, 493; Goldstein et al. v. Yellow Cab Co. et al., 44 D. & C. 560; Fisher et ux. v. Diehl et al., 44

D. & C. 325; Rich v. Peoples Bank of New Castle, 47 D. & C. 583; Langman et al. v. Spaulding Bakeries, Inc., 48 D. & C. 192.

The only question, therefore, is whether in the complaint filed by the original defendant anything appears which would indicate that what is being sought against the additional defendant is a right of contribution. The complaint sounds like an original statement of claim by the wife, against her husband, except for the absence of an ad damnum clause. There is no allegation in it to warrant the court in concluding that by reason of the negligent operation of the automobile by the additional defendant he may be liable over to the original defendant. The concluding clause of the complaint excludes any claim of liability over. In Langrock et ux. v. Bisetti et al., 50 D. & C. 71, 74, we said:

"It is true that in the complaint filed against the additional defendant the claim is that the additional defendant may be 'jointly or severally liable with the defendant.' This, however, may be disregarded as surplusage. There is sufficient averment in the complaint which establishes that the additional defendant is liable over to defendant and the test is the averments of liability in rather than the conclusion of the statement.

"Goodrich-Amram, sec. 2252(b) 3: 'If the pleaded facts support only one alternative, the other alternative will be disregarded.' " The difficulty here is that there is no alternative to jettison the floundering complaint.

Goldstein et al. v. Yellow Cab Co. et al., supra, is urged as authority against the motion to dismiss. It is true that under it the motion should be refused. The decision rests on the theory that in spite of the complaint the court can after judgment control the verdict so that at no time could it be made an action by a husband against the wife. The joinder here, too, could be allowed to stand and the judgment after the verdict controlled to prevent an illegal result. But such an

equitable device should be used only by a court to prevent an injustice. It should not be used by a party as an anticipatory haven or refuge for bad or defective pleadings at the start of a case. Good practice dictates that somewhere in a statement of claim or complaint must appear the basis of the action. There is nothing in this complaint to warrant a conclusion that the theory of the suit is the original defendant's right of contribution against the additional defendant.

Defendant should be given an opportunity to amend his complaint: Goodrich-Amram, sec. 2252(c)4. The rule on the motion to dismiss the order of joinder will be made absolute unless defendant files within 15 days an amended sufficient complaint.