## Cope et al. v. Eidemiller

*Carroll Caruthers* and *Thomas G. Taylor*, for plaintiffs.

*Paul M. Robinson*, for defendant.

LAIRD, J., July 29, 1948.— This is an action of trespass brought to recover damages alleged to have been sustained by the death of Oliver W. Baum, alias dictus O. W. Baum. The action is brought by Alice B. Cope, as administratrix of the estate of Oliver W. Baum, alias

dictus O. W. Baum and as trustee ad litem for Alice Baum Cope, Susan Baum Struble, whose guardian is Barclay-Westmoreland Trust Company of Greensburg, Pa., as sisters of Oliver W. Baum, and James F. Walthour, James Miles Walthour and Elizabeth Luella Walthour, heirs-at-law of Lucinda Baum Walthour, deceased, sister of Oliver W. Baum. Plaintiff alleges that Adam Eidemiller is responsible for the death of decedent by reason of the negligence of his agent, servant and employe in the handling, driving and operation of an International dump truck.

The matter comes before the court at this time on preliminary objections filed by defendant to plaintiff's complaint; the first objection being as follows: "The complaint violates Rule 2204 of the Pennsylvania Rules of Civil Procedure in that it fails to set out under what statute or right plaintiffs bring their action."

Rule 2204 of the Rules of Civil Procedure is as follows:

"In addition to all other facts required to be pleaded, the initial pleading of the plaintiff in an action for wrongful death shall state the plaintiff's relationship to the decedent, his right to bring the action, the names and last known residence addresses of all persons entitled by law to recover damages, their relationship to the decedent and that the action was brought in their behalf."

Defendant's first objection, therefore, seems to be well taken as plaintiff's complaint does not "state" the "right" of Alice B. Cope "to bring the action" as trustee ad litem for Alice Baum Cope, Susan Baum Struble, whose guardian is Barclay-Westmoreland Trust Company, James F. Walthour, James Miles Walthour and Elizabeth Luella Walthour, sisters, brother-in-law, nephew and niece of decedent. No question is raised as to the right of Alice B. Cope, administratrix, to bring the action as administratrix, but we know of no right which she has to bring the action as trustee

ad litem and none has been pleaded. See Act of April 1, 1937, P. L. 196, 12 PS §1602.

The second preliminary objection is as follows: "Plaintiff's complaint alleges, paragraph 1, that O. W. Baum died unmarried and without issue and attempts to make as parties entitled to recover damages sisters and children of a deceased sister, which is contra to the Act of April 26, 1855, P. L. 309, sec. 1; Act of June 7, 1911, P. L. 678, sec. 1, 12 PS §1602."

This second objection also seems to be well taken. The Act of April 26, 1855, P. L. 309, as finally amended by the Act of 1937, supra, provides, inter alia, as follows:

"The persons entitled to recover damages for any injuries causing death shall be the husband, widow, children, or parents of the deceased, and no other relatives; . . . If none of the above relatives are left to survive the decedent, then the personal representative shall be entitled to recover damages for reasonable hospital, nursing, medical, funeral expenses, and expenses of administration necessitated by reason of injuries causing death."

In Potter Title & Trust Company, Admr., v. Petcoff et al., 122 Pa. Superior Ct. 540, it is said, quoting from page 546:

"It is plain, therefore, that the Act of 1855 prescribing the persons 'for whose benefit such actions shall be prosecuted', is still the law. No other persons have been clothed with the right, and hence no other persons can sustain such actions."

The preliminary objections above quoted do not go to the merits of plaintiff's case. They are simply objections to the form of action or to the inclusion as parties plaintiff of persons who have shown no right to sue or complain. See Pa. R. C. P. 2204 and comment thereunder in Goodrich-Amram Civil Practice, page 71 et seq.

The objections raised, in our judgment, are not sufficient to warrant the court in quashing the complaint or striking it from the record. We are constrained to believe, however, that the complaint should be amended in accordance with the Rules of Civil Procedure and the acts of assembly pertaining to survival actions, and that the administratrix plaintiff should plead her right, if any she has, to bring the action as trustee ad litem and the right of Alice Baum Cope, Susan Baum Struble, whose guardian is Barclay-Westmoreland Trust Company of Greensburg, Pa., James F. Walthour, James Miles Walthour and Elizabeth Luella Walthour to maintain the present action. We are further of opinion that if the complaint is not amended accordingly within 20 days, judgment of nol pros should be entered against the parties named as plaintiffs, who are not legally entitled to maintain this action.

And now, to wit, July 29, 1948, after argument and after due and careful consideration, it is ordered, adjudged and decreed that plaintiff's preliminary objections to the preliminary objections of defendant be and the same hereby are dismissed; that the preliminary objections raised by defendant to plaintiff's action be and the same hereby are sustained, and plaintiff is directed to amend her complaint, in accordance with the Rules of Civil Procedure and the acts of assembly, within 20 days from this date; if no such amendment be filed, then judgment of nol pros may be entered against the parties plaintiff, who have not shown any legal right to maintain this suit, to wit: Alice B. Cope as trustee ad litem for Alice Baum Cope, Susan Baum Struble, whose guardian is Barclay-Westmoreland Trust Company, as sisters of Oliver W. Baum, deceased, and James F. Walthour, James Miles Walthour and Elizabeth Luella Walthour, heirs-at-law of Lucinda Baum Walthour, deceased sister of Oliver W. Baum, deceased.