## Lewellyn v. Mensch

*Higbee, Lewellyn & Beeson,* for plaintiff.
*Ray, Coldren & Buck,* for defendant.

CARR, P. J., September 26, 1955.—The question here involved is whether the dissolution of a marriage terminates the disability of one spouse to sue the other for a tort committed during the existence of the marriage. The action was instituted by the personal representative of the wife against the personal representative of the husband, who is alleged to have negligently caused her injury and death, both having been killed when an automobile that he was driving and in which she was riding with him as a passenger was struck by a railroad train as he entered upon a crossing. Although the complaint does not disclose whether it is based upon the wrongful death or the survival statute or both, counsel have informed us at bar that it is neces-

sarily based solely upon the survival statute, since at the time they were retained an action for wrongful death was barred by limitation. The question of the right of plaintiff to sue defendant is raised by preliminary objections to the complaint.

At common-law actions in tort between spouses were impossible, owing to the fiction that they were one flesh, and this continues to be the law in Pennsylvania with respect, at least, to actions against each other for personal injuries, though a better and more modern reason is said to be that such litigation is contrary to public policy as being unseemly, distressing and embittering: Koontz v. Messer, etc., 320 Pa. 487; Kaczorowski v. Kalkosinski, 321 Pa. 438. Nor do the Married Women's Property Acts of June 8, 1893, P. L. 344, and March 27, 1913, P. L. 14, in any way enlarge the common-law liability of the husband to the wife, except in a proceeding to protect or recover her separate property: Kaczorowski v. Kalkosinski, 321 Pa. 438, 442, and property does not embrace unliquidated claims for damages for personal injuries: Sensenig v. Pennsylvania Railroad Co., 229 Pa. 168, 172; Manganiello et al. v. Lewis, 122 Pa. Superior Ct. 435; Bronzo Estate, 69 D. & C. 390.

Plaintiff concedes that the wife could not have sued her husband for her injury had they both survived, but argues that no reason compels the extension of his immunity to his estate. It is to be seen, however, that at common law the disability of the spouses to sue each other did not rest solely upon the procedural impediment of coverture but also upon the fact that, as a matter of the substantive law of torts, no cause of action arose, and therefore the termination of coverture could not create a cause of action that did not exist when the injury complained of was inflicted: Phillips v. Barnet (1876), 1 Q. B. D. 436; Salmond on Torts, 11th Ed., London, 1953, p. 78, and see Abbott v. Abbott,

67 Me. 304, 24 Am. Rep. 27 (1877). The only effect of the Pennsylvania Survival Acts, beginning with that of July 2, 1937, P. L. 2750, now replaced by the Act of April 18, 1949, P. L. 512, sec. 603, 20 PS §320.603, is to continue in decedent's personal representative causes of action that had accrued to decedent while living: Pezzulli, admr., v. D'Ambrosia, 344 Pa. 643; Piacquadio, Trustee, v. Beaver Valley Service Co. et al., 355 Pa. 183. Thus, it seems clear that, as no cause of action was vested in plaintiff's decedent at the time of her death, there was none to survive to plaintiff: Cf. Smith v. Smith, 14 D. & C. 466 (cited with apparent approval in Stimson v. Stimson, 346 Pa. 68), and Ellis v. Brenninger, 71 D. & C. 583.

### Order

And now, September 26, 1955, upon consideration of the foregoing case, defendant's preliminary objections are sustained, the complaint is dismissed and judgment is entered for defendant.