James W. DAVIS, a Minor by Sue G. Davis, His Guardian, and Sue G. Davis, in Her Own Right,

v.

Ralph W. SMITH, Administrator C.T.A. of the Estate of George Maslin Davis, Deceased, Defendant and Third Party Plaintiff-Appellant, Shaner C. Haldeman, Third Party Defendant.

No. 12288.

United States Court of Appeals Third Circuit.

Argued Dec. 6, 1957.

Decided March 17, 1958.

John B. Hannum, 3d, Pepper, Bodine, Frick, Scheetz & Hamilton, Philadelphia, Pa., (Edward F. Beatty, Jr., Philadelphia, Pa., on the brief), for appellant.

John J. McDevitt, 3d, Philadelphia, for Haldeman.

Martin J. Vigderman, Philadelphia, Pa., (Abraham E. Freedman, William M. Alper, Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for appellees.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

STALEY, Circuit Judge.

The principal question presented in this appeal is whether the doctrine of intrafamily immunity in Pennsylvania prevents a negligence action by an unemancipated minor against the estate of his deceased father.

George Maslin Davis was driving his automobile on a country road in Chester County, Pennsylvania, on June 10, 1952. His minor son, James W. Davis, was a passenger in the car with him. The Davis car collided with a truck operated by Shaner C. Haldeman. The accident resulted in the death of George Davis and serious injuries to his son James.

Ralph W. Smith, a resident of Delaware, was appointed administrator c. t. a. of the estate of the deceased George Maslin Davis by the Register of Wills of Chester County. By written designation, administrator Smith appointed Carl E. Guether as his agent within Pennsylvania to accept service of process in matters involving the estate.

Three civil actions were instituted in the district court as a result of the collision. The instant appeal is taken from the judgments in Civil Action No. 16960. This suit was commenced by James W. Davis, a minor, by his mother Sue G. Davis as his guardian, and by Sue G. Davis in her own right against Ralph W. Smith, administrator of the estate of the deceased father, George Maslin Davis. The administrator joined Shaner C. Haldeman, the driver of the truck involved in the accident, as third party defendant.

The second action, brought at No. 16,901, was a suit by the same plaintiffs, the minor and his mother, against Shaner C. Haldeman. Haldeman thereupon joined Smith, the administrator of the Davis estate, as third party defendant. A third action, at No. 15,355, was brought by Smith as administrator against Shaner C. Haldeman as defendant.

During the course of the pleadings, defendant administrator in No. 16,960 moved to dismiss the complaint as failing to state a cause of action because of the Pennsylvania intrafamily immunity doctrine, asserting in addition the defense of improper venue. The motion was denied. D.C.E.D.Pa.1954, 126 F. Supp. 497.

The district court, upon plaintiffs' motion, consolidated for trial the principal actions in Nos. 16,901 and 16,960; that is, the actions of the minor and his mother against Shaner C. Haldeman and against the estate of the deceased father. The third party actions in these suits, Haldeman against the estate and the estate against Haldeman, were severed for later trial with Civil Action No. 15,355, the separate suit brought by the estate against Haldeman.

Trial of the principal suits in the district court resulted in a directed verdict in favor of defendant Haldeman in 16,901, and a verdict in 16,960 for the plaintiffs and against the estate of George Maslin Davis in the sum of $87,037.70. Of this amount, $83,000 was awarded to James W. Davis, with the remainder to the mother for expenses incurred incident to her son's injuries. Judgment was entered on this verdict at 16,960 on December 13, 1956.

The action at No. 15,355 was dismissed by stipulation, leaving as the only question for the subsequent trial the third party action in 16,960, the estate against Haldeman. Trial resulted in a jury verdict in favor of defendant Haldeman.

Judgment was entered on that verdict on March 14, 1957. Motion for a new trial was denied on April 26, 1957. Notice of appeal to this court was filed by the administrator of the estate in the district court on May 23, 1957.

Therefore, we have before us both judgments in 16,960; the judgment against the estate and in favor of the plaintiffs in the principal action in the amount of $87,037.70, and the judgment in the third party action against the third party plaintiff estate and in favor of the third party defendant Haldeman. Appeal from the former judgment was properly followed by a complete brief of the argument on the questions presented there. In the appeal from the latter judgment in favor of third party defendant Haldeman, however, appellant estate took no further steps after the filing of the notice of appeal on May 23, 1957. Its brief is completely devoid of the questions involved in that third party action, and contains no arguments directed to it. The appendix to appellant's brief prints as the judgment appealed from only that judgment in the principal action and not the judgment rendered March 14, 1957, in the third party action.

■ In view of the fact that appellant, without proffering any reason for its action, took no steps to secure review of the judgment in favor of Shaner C. Haldeman in the third party action, the appeal from that judgment will be dismissed. Rules of Civil Procedure, Rule 73(a), 28 U.S.C.

■ In its appeal from the judgment in the principal action, the estate raises initially the question of whether the administrator, a resident of Delaware, waived his right to invoke the federal venue privilege by appointing an agent within Pennsylvania to accept service of process on behalf of the estate. It is argued that the written designation of the agent was made under a mistaken understanding that it was required by the law of Pennsylvania. It should be noted that at the time of the institution of the suit, both plaintiffs were residents of Virginia; the defendant administrator resided in Delaware.

■ The federal venue requirement in diversity actions is set out in Section 1391(a) of Title 28 of the United States Code:

"A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

This provision is not intended to affect the subject-matter jurisdiction of the court, but is designed for the practical convenience of the litigants. The right conferred by it is for the personal benefit of the litigant and, as such, may be waived by him. Panhandle Eastern Pipe Line Co. v. Federal Power Commission, 1945, 324 U.S. 635, 65 S.Ct. 821, 89 L.Ed. 1241.

The district court decided that the appointment by the administrator of an agent to accept service of process within Pennsylvania constituted a waiver of the venue protection afforded the estate as a litigant, 126 F.Supp. at page 501, citing Neirbo Co. v. Bethlehem Shipbuilding Corp., 1939, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, and Olberding v. Illinois Central R. Co., 1953, 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39.

■ Appellant urges upon us an interpretation of the Neirbo and Olberding cases which would find a waiver of the venue privilege only where the designation of an agent to receive process was made pursuant to the requirements of a valid statute. While it is true that the designation of the agent in the Neirbo case was made in accordance with a statute requiring it, adoption of appellant's position would be giving the theory of waiver of venue an interpretation unwarrantedly constricted in scope. The underlying theory of waiving venue or consenting to suit is that the litigant performs some act which indicates to the court that he elects not to raise his privilege of venue. Even though a statute may require the designation of an

agent to receive process, such designation is still deemed a voluntary act evidencing consent to the suit. Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U. S. at page 175, 60 S.Ct. at page 158; Olberding v. Illinois Central R. Co., 346 U.S. at page 342, 74 S.Ct. at page 86. Appellant argues that the agent was appointed because of a mistaken belief that the Pennsylvania law required it, and the appointment would not have been made otherwise. We are not impressed with this argument. Even if Pennsylvania law does not require the appointment, no fraud is suggested, and the unilateral mistake of law can hardly provide a basis for ignoring the actual designation of the agent by the administrator.[1] This voluntary act subjected the estate to suit because it unequivocally demonstrated waiver of the venue privilege.

The principal question of whether Pennsylvania's intrafamily immunity doctrine prevents an action by a child against the estate of his deceased father for the father's negligence is one which might have been more troublesome before the decision of the Supreme Court of Pennsylvania in Parks v. Parks, 1957, 390 Pa. 287, 135 A.2d 65. Although that case denied recovery to an unemancipated child against her living parent, the Supreme Court took occasion to clarify Pennsylvania law as it applies to intrafamily immunity where death intervenes, and cited with approval the district court opinion in the present case which had interpreted prior Pennsylvania decisions as allowing the action by the son against his father's estate. The Pennsylvania Supreme Court, 135 A.2d at page 71, said:

"We have, however, recognized that the doctrine of intrafamily immunity from suit by a member of the family expires upon the death of the person protected and does not extend to a decedent's estate for the reason that death terminates the family relationship and there is no longer a relationship in which the state or public policy has an interest. Kaczorowski v. Kalkosinski, 321 Pa. 438, 184 A. 663, 104 A.L.R. 1267; Davis v. Smith, D.C., 126 F.Supp. 497. Thus, although there may be immunity from suit between parent and child during life, the immunity does not extend to the personal representative of a deceased parent or child."

■■ Appellant attempts to convince this court that every argument recited in the Parks decision prohibiting the suit of the child against the living parent applies with equal force to a child's action against the estate. Jurisdiction here is based upon diversity of citizenship, and Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, requires us to apply Pennsylvania case law. In the absence of any decision directly in point, it is our function to make our own determination of what the Pennsylvania Supreme Court would probably hold in a similar case. King v. Order of United Commercial Travelers of America, 1948, 333 U.S. 153, 161, 68 S.Ct. 488, 92 L.Ed. 608. Appellant's argument must be interpreted as a contention that the Supreme Court of Pennsylvania in the Parks decision did not mean what it said and, as such, the argument falls of its own weight.

■ We find it impossible to conceive of any clearer indication of what Pennsylvania would do in a similar case than the citation with approval of the district court opinion in the present case, followed by the unambiguous assertion that

1. In Pennsylvania Fire Insurance Co. of Philadelphia v. Gold Issue Mining & Milling Co., 1917, 243 U.S. 93, 37 S.Ct. 344, 61 L.Ed. 610, the insurance company was unsuccessful in its contention that its designation of an agent to accept process in Missouri did not include an action in Missouri on a policy issued in Colorado insuring buildings in that state. Its unilateral mistake of law as to the scope of its designation did not disturb the effectiveness of that designation, just as in the present case the appointment made under the mistake of law that it was required by statute does not vitiate the consent actually given.

"although there may be immunity from suit between parent and child during life, the immunity does not extend to the personal representative of a deceased parent or child." 135 A.2d at page 71. Any uncertainty as to the rule which might have existed in prior Pennsylvania cases has been effectively laid to rest.

We find nothing in the Parks decision inconsistent with the holding of the district court that the mother, Sue G. Davis, is entitled in her own right to recover from the estate of her deceased husband amounts expended on account of the injuries to her son. Other points raised by appellant in its main brief and reply brief do not require discussion.

The judgment of the district court in the principal action at No. 16,960 will be affirmed. The appeal from the judgment in favor of the third party defendant in No. 16,960 will be dismissed.