**JUNIOR SPICE, INCORPORATED**

v.

**TURBOTVILLE DRESS, INC., et al.**

**Civ. A. No. 70–517.**

United States District Court,
E. D. Pennsylvania.

March 9, 1972.

---

8.  18 U.S.C. § 3290.

9.  *See* Minor v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969).

Joseph A. Gerber, Orlofsky, Cozen & Begier, Philadelphia, Pa., for plaintiff.

Tom P. Monteverde, Pelino, Wasserstrom, Chucas & Monteverde, Philadelphia, Pa., for defendants.

## OPINION AND ORDER

EDWARD R. BECKER, District Judge.

This is a motion to dismiss under Rule 12, Fed.R.Civ.P., or in the alternative to transfer under 28 U.S.C. § 1406 to the Middle District of Pennsylvania on the ground of a defect in venue, i. e., that venue in this diversity case is improperly laid in the Eastern District of Pennsylvania. The apparently novel question raised by the case [1] is whether an individual acquires constructive residency in a state for venue purposes by virtue of long arm service under a nonresident property owners act.

The plaintiff (Junior Spice) is a New York corporation with its principal place of business in New York. The corporate defendants are Pennsylvania corporations with their places of business in the Middle District. The individual defendants (Oshiraks), who have been residents of Kansas since 1969, are the owners of property situate in the Middle District of Pennsylvania leased to the corporate defendants in which the fire which gave rise to this lawsuit occurred on August 27, 1968.[2] The Oshiraks were served with process under Pennsylvania Nonresident Property Owners Act (Act).[3] The Oshiraks are the moving parties; the plaintiff resists their motion. Full understanding of the question involved in the case necessitates a recitation of the applicable venue statutes.

28 U.S.C. § 1391 provides:

(a) "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

(b) . . .

(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

The law is clear that corporations (both domestic and foreign) have multiple residence, as it were, and may be sued in any district in the state. *See Minter v. Fowler & Williams, Inc.,* 194

---

1. At least we can find no cases on point.

2. Count I of the complaint alleges that Junior Spice had, prior to August 27, 1968, bailed a quantity of dresses to Turbotville Dress Co. for finishing. On August 27, 1968 a fire occurred at the Turbotville plant which damaged the dresses. Turbotville Dress Co. thereafter returned them to Junior Spice in a damaged and unusable condition, causing Junior Spice to sustain a loss in excess of $20,000. Count II of the complaint alleges that the Oshiraks and Paulco Products Co. were negligent in not maintaining the premises in a safe and adequate condition and in permitting a fire to start and rage uncontrolled in the portion of the building occupied by Paulco, which spread to the Turbotville Dress Co. portion of the premises, causing Junior Spice's loss.

3. Pa.Stat. tit. 12 § 331; Pa.R.Civ.P. 2076–2079.

F.Supp. 660 (E.D.Pa.1961); Vance Trucking Company v. Canal Insurance Co., 338 F.2d 943 (4th Cir. 1964); DeGeorge v. Mandata Poultry Co., 196 F. Supp. 192 (E.D.Pa.1961); Johnstone v. York County Gas Co., 193 F.Supp. 709 (E.D.Pa.1961). Accordingly, Turbotville Dress, Inc. and Paulco Products Co., which are both Pennsylvania corporations, may be sued in this as well as the other two federal districts in Pennsylvania.[4] Junior Spice, in opposition to the motion to transfer, cites the above cited cases to us as being dispositive. The Oshiraks, on the other hand, assert that they are not dispositive because they do not deal with the residency of *individuals* for venue purposes. We agree.

28 U.S.C. § 1392(a) provides:

"Any civil action, not of a local nature, against defendants residing in different districts in the same state may be brought in any such districts."

The question is raised as to whether the Oshiraks reside in *any* district of the state pursuant to this section. Junior Spice asserts that the Oshiraks, like the defendant corporations, have general Pennsylvania residency acquired constructively by service of process on the Secretary of the Commonwealth under the Nonresident Property Owners Act.[5] Their argument continues to the effect that this is therefore an action against defendants residing in different districts of the state, which may be brought in any district, including this district, either pursuant to § 1392(a) or by way of analogy to the cases involving corporations which hold that they may be sued in any district. The Oshiraks, on the other hand, submit that they are

residents of Kansas and that to impute Pennsylvania residency to them because of the long arm service permitted by the Act would be to create an untenable fiction. Their position is that they have no Pennsylvania residence for venue purposes under the venue statutes, which we have recited, and that since: (1) the Eastern District is not a district in which all defendants actually or constructively reside (§ 1391(a)); and (2) all defendants do not reside in different districts in the (same) state (§ 1392(a)), venue cannot be laid in the Eastern District, but only in the Middle District where the cause of action arose.

As we have said above, the cases dealing with the residency of corporations are inapposite to the status of the Oshiraks, who are individuals. We hold that constructive residency for venue purposes is not acquired by long arm service under the Nonresident Property Owners Act. There are three basic reasons for this holding.

### I.

The Nonresident Property Owners Act is a "service of process" statute. Like other long arm statutes, its sole purpose is to provide the means for effecting constructive personal service of process over nonresident defendants while satisfying the requirements of due process stemming from International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Accordingly, the basis of the Act is jurisdictional, and relates to the power of the court to act upon the person of the defendant, as distinguished from venue, which relates to the locality of the law-

---

4. The corporate defendants took no position on this motion. Prior to service on the Oshiraks, they moved before Judge Kraft for transfer to the Middle District because of an alleged venue defect as to them in the Eastern District of Pennsylvania. Judge Kraft denied the motion on the grounds set forth in the text, *i. e.*, that corporations may be sued in any district in the state.

5. It is not asserted by Junior Spice that the Oshiraks acquired the specific official residency of the Secretary of the Commonwealth, which is in Harrisburg in the Middle District. We believe that any such ascription would be capricious, for the location of the State Capitol is purely fortuitous vis-a-vis any particular lawsuit.

suit, the place where judicial authority can be exercised. Venue is traditionally the subject of a venue statute; we do not perceive it to have been the purpose of the Pennsylvania General Assembly to affect venue when it passed the Nonresident Property Owners Act.

## II.

■ A person can have only one residence for venue purposes, and by a long line of authority, the residence of individuals for venue purposes has been construed to mean domicile, citizenship or where a person makes his permanent home. *See*, Smith v. Murchison, 310 F. Supp. 1079 (S.D.N.Y.1970); Johnson v. Zarefoss, 198 F.Supp. 548 (E.D.Pa. 1961); Champion Spark Plug Co. v. Karchman, 180 F.Supp. 727 (S.D.N.Y. 1960); 7B Moore's Federal Practice § 0.142 [5.–2] and cases cited therein. *Cf*. Pacific Mutual Life Ins. Co. v. Thomkins, 101 F. 539 (4th Cir.), cert. den. 179 U.S. 683, 21 S.Ct. 916, 45 L.Ed. 385 (1900). More specifically, it has been fairly established that under the venue statute, an individual can be a resident of one district only. *See*, Pacific Mutual Life Ins. Co. v. Thomkins, *supra*; 7B Moore's Federal Practice § 0.142 [5.–2]. In this case there is no dispute about the fact that the Oshiraks left Pennsylvania in 1969 and have been bona fide residents of Kansas since that time.

## III.

The first two bases of our holding are consistent with the view to which we subscribe, that to hold that long arm service statutes create constructive residency within the state for venue purposes is an untenable fiction. As a postscript, it is appropriate to point out that this conclusion does not leave an action venueless. To the contrary, under the applicable venue statutes, *supra*, such conclusion relegates the trial of the action to the district in which it arose.

■ It is the purpose of a venue statute to provide a convenient forum for trial. Yet, if we construe the long arm statute to confer constructive residence upon a nonresident individual for venue purposes, we may thereby force a case to be tried in an inconvenient forum, contrary to the purpose of venue statutes. The present case is a classical example of this. This action arose in Turbotville, in the Middle District of Pennsylvania, and the bulk of the witnesses to the circumstances surrounding the fire are there.[6] Turbotville is but 20 miles from Williamsport, where the Middle District sits, but some 170 miles from where we sit in Philadelphia. From the point of view of such matters as the availability and convenience of witnesses and the facility of a jury view (if necessary), the Eastern District is clearly an inconvenient forum. If we hold that the Oshiraks are general residents of Pennsylvania for venue purposes, then this action will probably have to be tried in this district, which is an inconvenient forum; if we hold to the contrary, it will be tried in the Middle District, which is a convenient forum.

Obviously, the district where the cause of action arose is by no means always the most convenient forum. Neither does it follow that the holding sought in this case would always result in an action being tried in a locale which, on the facts of the given case, is less appropriate than another. The point of the foregoing analysis, however, and the third basis of our holding, is that the injection into the venue determination process of the notion of a constructive residency can (and we believe more often than not will) upset that process without having any reasonable or justifiable relationship to it. This type of construction should be avoided.

6. The answers to interrogatories indicate that principal witnesses to the fire and the possible causes thereof are some 24 persons who work in the building and the individuals who investigated the fire. All of these people are from the Turbotville area.

## IV.

█ In view of our conclusion that the Oshiraks must be considered Kansas residents for purposes of this case, then the Eastern District is not a judicial district in which all of the defendants reside (§ 1391(a)); moreover, all defendants do not reside in different districts within the state (§ 1392(a)). Therefore venue cannot properly be laid in the Eastern District and exists only in the Middle District where the cause of action arose.[7]

█ In setting forth our holding and the bases therefor, our essential holding has not been couched in terms of the familiar notions of convenience which are applied in cases arising under 28 U.S.C. § 1404(a). When we are confronted with motions for transfer under § 1404(a), we are bound by the principle that strong weight is accorded to the plaintiff's choice of forum, and that choice is to prevail unless there is established such hardship on the defendant as would amount to vexatiousness or oppression if the court refused to relinquish its jurisdiction. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); Williams v. Green Bay & W. R. R., 326 U.S. 549, 66 S.Ct. 284, 90 L.Ed. 31 (1946); Detrick v. Baltimore and Ohio R. R. Co., 330 F.Supp. 257 (E.D.Pa.1971). The reason that we have not spoken in § 1404(a) terms is that they are inapplicable here. In 1404(a) cases venue is properly laid in either district but one must be chosen over the other in accordance with the

7. While neither party has raised the question of whether there was or was not a *waiver* of the venue objection by service of process under the Act, the waiver point must be mentioned. The waiver doctrine, first enunciated in Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167 (1939) is based on the theory of consent. The *Neirbo* court emphasized at 168, 60 S.Ct. 153, 155, that the venue statute accorded the defendant a personal privilege of immunity respecting the locality where he can be sued. As to that privilege, however, the court noted:

"Being a privilege, it may be lost. It may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct. . . . Whether such surrender of a personal immunity be conceived negatively as a waiver or positively as a consent to be sued, is merely an expression of literary preference."

The court then held that where a foreign corporation obtains a license to do business in a state and as a condition to obtaining such license appoints an agent for service of process, the corporation has waived its venue privilege to be sued at its place of residence and has consented to be sued in the courts of the state where it obtained a license, including the federal courts. Thereafter various lower courts applied this waiver of venue fiction to individuals sued under the nonresident motorist statutes. The Supreme Court, however, refused to extend the waiver fiction to this class of cases. In Olberding v. Illinois Central Ry., 346 U.S.

338, 74 S.Ct. 83, 98 L.Ed. 39 (1953), the court held that an individual nonresident driver did not waive his rights under the federal venue statute by operating a vehicle on the state's highways. The basis of personal jurisdiction in such cases was not a "consent" to be sued, but rather the use of the state's roads. Justice Frankfurter felt this was consistent with the *Neirbo* case (which he also authored) in that the *Neirbo* doctrine would apply to an individual where as a *precondition* of carrying on activities within its borders a state required the designation of an agent for service of process and such designation had in fact been made (*Id.* 346 U.S. at 342, 74 S.Ct. 83); however, such is not the situation in typical nonresident motorist statute. Neither is the *Neirbo* doctrine applicable here, for the Oshiraks owned the real estate involved before they moved to Kansas, and the Nonresident Property Owners Act does not act as a precondition.

The Third Circuit applied the waiver of venue principle in Davis v. Smith, 253 F.2d 286 (1958), where an administrator, who was a resident of Delaware, appointed an agent within Pennsylvania to accept service of process on behalf of the estate under a mistaken understanding that the state law required it. The court held that the administrator, by appointing an agent for service of process, even though made under a misapprehension of state law, was such an affirmative act as to evidence to the court that he elected to waive his venue privilege. We find *Davis* inapposite because here we do not find such affirmative conduct.

*Gilbert* criteria. In this case, however, we are dealing with a *defect* in venue. Having found that venue is defective in the Eastern District, we could dismiss, but instead we elect to transfer to the Middle District where venue properly lies.

 We are not unmindful of the fact that this action was filed approximately two years ago, and was approaching trial posture when the Oshiraks were finally served. However, under the rules, they have the clear right to interpose the motion, which they did shortly after service was made upon them. Their venue objection, since it is a personal privilege, could not have been asserted by the other defendants. *See* Vance Trucking Co. v. Canal Insurance Co., *supra*. In view of our discussion, we have no alternative but to dismiss or transfer.