### In re LEE WAY HOLDING COMPANY, Debtor.

**Frederick M. LUPER, Trustee, Plaintiff,**

v.

**CAPITAL CONVEYOR, Howard Hill, Inc., Monroe, and University of Chicago, et al., Defendants.**

Bankruptcy No. 2–85–00661.
Adv. Nos. 2–87–0071, 2–87–0077, 2–87–0081, 2–87–0087.

United States Bankruptcy Court, S.D. Ohio, E.D.

Aug. 15, 1989.

See also, Bkrtcy., 104 B.R. 877.

Frederick M. Luper, Columbus, Ohio, Chapter 11 Trustee and plaintiff.

Ernest V. Thomas, III, Cincinnati, Ohio, for plaintiff.

James W. Muldoon, Worthington, Ohio, William J. Augello, Huntington, N.Y., for defendants.

ORDER ON MOTION FOR SEVERANCE, ON MOTION FOR DETERMINA-TION OF NONCORE PROCEEDING, ON MOTION FOR DISMISSAL, AND ON MOTION FOR LIMITATION OF SERVICE

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This cause came on for consideration upon the five-part Motion by certain Defendants in the above-captioned adversary proceedings. The Court by separate Order has disposed of the Motion of Certain Defendants for Transfer and Reference of Issues to the Interstate Commerce Commission and for Stay of Adversary Proceeding. This Order will dispose of the remaining parts of the Motion as follows:

A. Motion for Severance of Improperly Joined Defendants and Sanctions;

B. Motion for Determination That This is Not a Core Proceeding;

C. Motion of Defendants, Nudo, Murray, and Others With Claims Pending Against Them For Less Than $1,000 For Dismissal For Lack of Proper Venue and Sanctions; and

D. Motion of Certain Defendants for Limitation of Service of Pleadings.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this District.

### A. Factual and Procedural Background

The Plaintiff has initiated the four above-captioned adversary proceedings in this bankruptcy case seeking to collect accounts receivable allegedly due the bankruptcy estate. These receivables consist of under-charges resulting from differences between the amounts actually paid to the debtor for freight shipments, and the amounts which should have been paid pursuant to tariffs lawfully on file with the Interstate Commerce Commission ("ICC"). Each of the adversary proceedings join numerous Defendants, although the claims made against each Defendant are separate and distinct from the claims made against each other defendant. The moving Defendants (collectively "the Defendants") are from each of the above-captioned adversary proceeding as follows:

| | |
|---|---|
| Adv. No. 2–87–0071 | Coats & Clark Sales Corp. |
| Adv. No. 2–87–0077 | Hydrotex, Inc. |
| Adv. No. 2–87–0081 | Nudo Products, Inc. |
| | Murray Industries, Inc. |
| | National Metals Company |
| | National Potteries 1 |
| | North American Enterprises |
| Adv. No. 2–87–0087 | Western Mining Corp. |
| | Western Publishing Co., Inc. |

In response to the Plaintiff's Complaint, the Defendants collectively filed one Answer, with Affirmative Defenses; then followed with these Motions.

### B. Motion for Severance of Improperly Joined Defendants and Sanctions

The Defendants assert that because the claims made against each defendant are separate and distinct from claims made against other defendants, the plaintiff has violated the "same transaction" test which forms the basis for permissive joinder un-

---

1. Nissan Motor Corp. was also a moving Defendant; however, judgment was entered against

Nissan in the amount of $1217.43 on June 5,

der Federal Rule of Civil Procedure 20(a).[2] Accordingly, the Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 41(b) or in the alternative, severance pursuant to Federal Rule of Civil Procedure 21.

■ Bankruptcy Rule 7020 incorporates Federal Rule of Civil Procedure 20, which provides:

> (a) Permissive joinder.... [A]ll persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

The Rule is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits. *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914 (9th Cir.1977); *Mosley v. The General Motors Corp.*, 497 F.2d 1330 (8th Cir.1974). As stated by the Supreme Court in *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966):

> Under the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.

Rule 20 contains a two-part requirement for joinder: (1) the right to relief asserted against each defendant must relate to or arise out of the same transaction or series of transactions, and (2) some question of law or fact common to all parties will arise in the action.

■ The Complaint undoubtedly alleges a separate claim against each Defendant, each arising out of a separate and distinct transaction. No relationship among the various Defendants is expressly or impliedly alleged in the Complaint. However, there can be no doubt that the Plaintiff has established a commonality of law and fact. While the individual circumstances may have some variation, there is sufficient similarity to satisfy the requirements of Rule 20(a). Indeed, the Defendants combined Answer and Affirmative Defenses support this. As expressly noted in the Rule, the joinder is proper if the claims arise out of a *series* of transactions; they need not all arise out of the same transaction or occurrence. *See, United States v. Mississippi*, 380 U.S. 128, 85 S.Ct. 808, 13 L.Ed.2d 717 (1965); *Mosley v. The General Motors Corp., supra; Nagler v. Admiral Corporation*, 248 F.2d 319 (2d Cir.1957); *United States of America v. Anchorline Ltd.*, 232 F.Supp. 379 (S.D.N.Y.1964).

The Court is satisfied that joinder of the Defendants is proper under Federal Rule of Civil Procedure 20(a) and Bankruptcy Rule 7020, and the Motion to Sever shall be denied. However, this Order is without prejudice to the Defendants to move for a separate trial pursuant to Federal Rule of Civil Procedure 20(b).

### C. *Motion for Determination That This Is Not A Core Proceeding*

■ Pursuant to Local Bankruptcy Rule 6.3(a), the Defendants have filed the instant Motion for a determination whether this adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Defendants assert that this is not a core proceeding, and do not consent to the Bankruptcy Court rendering a final judgment pursuant to 28 U.S.C.

---

1989. Therefore, the Motions are moot as to Nissan.

**2.** Part VII of the Bankruptcy Rules, which governs procedure of all adversary proceedings in bankruptcy cases, largely incorporate the Feder-

al Rules of Civil Procedure. For convenience, this opinion shall refer predominantly to the Federal Rule; however, it is advisable to refer to the correlative Bankruptcy Rule for important variations to the Federal Rules.

§ 157(c)(2). The Trustee asserts that this adversary proceeding is a core proceeding.

The term "core proceeding" is not defined in the Bankruptcy Code. However, 28 U.S.C. § 157(b)(2) sets forth a list of matters which are considered core proceedings. As evidenced by those illustrations, the term "core proceeding" is intended to encompass those matters which would not exist at law in the absence of the Bankruptcy Code. The characterization of a related matter as core or non-core determines whether the Bankruptcy Court may enter final orders and judgments disposing of the matter under consideration. If a matter is determined to be a core proceeding under § 157(b)(2), the Bankruptcy Court may hear it and render a final decision. 28 U.S.C. § 157(b)(1). By consent, the parties may empower the Bankruptcy Court to enter a final order or judgment in a non-core proceeding as well. Otherwise, the Bankruptcy Court may hear the non-core proceeding and submit proposed findings of fact and conclusions of law to the District Court. 28 U.S.C. § 157(c)(1). The District Court enters a final order or judgment after a de novo review of those findings to which any party has timely and specifically objected.

The illustrations of the term "core proceeding" in § 157(b) are to be given a narrow and restrictive reading. This Court has previously resolved the issue of whether an action to collect accounts receivable constitutes a "core proceeding", and has determined that it is not. *See, Stewart v. Strasburger (In re Astrocade, Inc.),* 79 B.R. 983 (Bankr.S.D.Ohio 1987). That discussion shall not be repeated here; suffice it to say that an action to collect an account receivable is not a core proceeding, but is certainly a "related matter" over which this Court has subject matter jurisdiction. Accordingly, pursuant to § 157(c)(1), this Court may hear the proceeding and submit proposed findings of fact and conclusions of law to the District Court. The District Judge after considering the proposed findings and conclusions and reviewing de novo those matters to which any party objects, shall enter a final order or judgment.

D. *Motion of Defendants Nudo, Murray, and Others With Claims Pending Against Them For Less Than $1,000 For. Dismissal For Lack of Proper Venue and Sanctions.*

Defendants Nudo Products, Inc. and Murray Industries, Inc. move for dismissal due to lack of venue pursuant to 28 U.S.C. § 1409(b), inasmuch as their claims are less than $1,000.[3]

28 U.S.C. § 1409(b) provides:
Except as provided in subsection (d), a trustee in a case under Title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less $1,000 or a consumer debt of less than $5,000 only in the district court for the district in which the defendant resides.

Lack of venue is a personal privilege which a defendant can waive by failing to make objection thereto at proper time. *Harris Corp. v. National Iranian Radio & Television,* 691 F.2d 1344 (11th Cir.1982); *International Travelers Cheque Company v. BankAmerica Corp.,* 660 F.2d 215 (7th Cir.1981); *Libby, McNeill and Libby v. City National Bank,* 592 F.2d 504 (9th Cir.1978). Even restrictive venue provisions can be waived. *Radzanower v. Touche Ross & Company,* 426 U.S. 148, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976); *International Travelers Cheque Company, supra; Securities and Exchange Commission v. Blazon Corp.,* 609 F.2d 960 (9th Cir.1979).

Federal Rule of Civil Procedure 12 provides that the issue of improper venue may be raised by motion or in a responsive pleading. However, the Rule further provides that a Motion making any such defense shall be made before pleading if a further pleading is permitted. In the instant case, the Defendants have failed to timely object to the venue. Their combined

---

**3.** These Defendants also apparently request the same relief for other defendants similarly situated. However, a venue objection is a personal privilege which cannot be asserted by these Defendants for the benefit of others. *See, Junior Spice, Inc. v. Turbotville Dress, Inc.,* 339 F.Supp. 1189 (E.D.Pa.1972).

Answer was filed on May 28, 1987, but the instant Motion was not filed until September 11, 1987. The defense of improper venue is waived by failure to raise the objection in the answer or by motion before answering. *James v. Norfolk and Western Railway Co.*, 430 F.Supp. 1317 (S.D. Ohio 1976); Fed.R.Civ.P. 12(b)(3), (h). Furthermore, the Defendants sought other affirmative relief from this Court in the form of reference to the ICC and severance. While it is true that the Rule provides that no defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion, the other parts of this Motion cannot be deemed defenses or objections, but rather seek procedural relief of this Court. Therefore, any objection to venue is deemed waived.

■ The Court also notes that the burden of proof in connection with a venue issue is upon the moving party, who must show a preponderance of the evidence that venue is improperly placed before this Court. The Defendants have not filed any affidavits or other evidence to support their Motion. On this basis also the Motion is denied.

■ Finally, because this matter has been referred to the ICC upon request of these Defendants, this Court retains exclusive jurisdiction to render findings in this matter. See, 28 U.S.C. § 1336(b), § 1334.

### E. *Motion of Certain Defendants For Limitation Of Service of Pleadings.*

The Defendants have moved the Court pursuant to Bankruptcy Rule 7005 and Federal Rule of Civil Procedure 5(c) to limit service of pleadings and other papers. The Trustee has voiced no objection to this Motion and it appears appropriate in this instance. Therefore, it will be granted.

### F. *Conclusion.*

In accordance with the foregoing, it is Ordered and Adjudged that:

(1) The Motion of Certain Defendants for Severance of Improperly Joined Defendants and Sanctions hereby is denied.

(2) The Motion for Determination that this is Not a Core Proceeding hereby is granted. This matter is determined to be a non-core proceeding under 28 U.S.C. § 157(b)(2). Accordingly, the Court shall enter a proposed findings of fact and conclusions of law, which shall then be transmitted to the District Court pursuant to § 157(c) for review and entry of final judgment.

(3) Motion of Defendants Nudo, Murray and Others With Claims Pending Against Them for Less than $1,000 For Dismissal For Lack of Proper Venue and Sanctions hereby is denied.

(4) Motion of Certain Defendants For Limitation of Service of Pleadings hereby is granted, and the Defendants may serve pleadings and other papers solely on the Plaintiff and other parties affected by the pleading or paper.

IT IS SO ORDERED.