In re OASIS CORPORATION, et al., (Jointly Administered Debtors).

Christal L. Caudill, Trustee, Plaintiff,

v.

Bruce D. Burrows, et al., Defendants.

Bankruptcy No. 05–65895.
Adversary No. 07–2773.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Feb. 9, 2008.

434

Richard K. Stovall, Columbus, OH, for Plaintiff.

Patrick W, Carothers, Thorp Reed & Armstrong, LLP, Brant T. Miller, Charles A. De Monaco, John W. Burns, Kimberly Haddox Behling, Pittsburgh, PA, Nick V. Cavalieri, Adam J. Biehl, Bailey Cavalieri LLC, Teri G. Rasmussen, Lane, Alton & Horst, Myron N. Terlecky, Rachel L. Steinlage, Matthew T. Schaeffer, Frederick M. Luper, J. Allen Jones, Jennifer L. Duvall, Sanborn, Brandon, Duvall & Bobbitt Co., Nora E. Jones, Gamble Hartshorn, LLC, Daniel K. Friend, Ted L. Earl, Columbus, OH, Ronald S. Pretekin, Coolidge Wall Co. LPA, Dayton, OH, Richard Boydston, Matthew A. Rich, Michael S. Jones, Kevin R. Feazell, Cincinnati, OH, Dennis J. Wickham, San Diego, CA, William H. Anderson, Batavia, OH, Vonn R. Christenson, Irvine, CA, Henry J. Jaffe, Wilmington, DE, Thomas C. Blaska, Atlanta, GA, Curtis C. Chen, Costa Mesa, CA, Defendants.

Ervin Cohen & Jessup LLP, Beverly Hills, CA, pro se.

4B Development Ltd., San Antonio, TX, pro se.

D & A Precision Inc., Oxnard, CA, pro se.

UPS Customhouse Brokerage, Louisville, KY, pro se.

Excel Global Logistics, Chicago, IL, pro se.

American Airports Corporation, Los Angeles, CA, pro se.

Baesman Printing Corporation, Hilliard, OH, pro se.

Becker's Fabrication Inc., Yorba Linda, CA, pro se.

Ben Hogan Apparel Company, Denver, CO, pro se.

Boss Display, Columbus, OH, pro se.

Briggs Ranch Golf Club, San Antonio, TX, pro se.

Billington Jackson Advertising, London, England, pro se.

CRST, Simi Valley, CA, pro se.

Chrisbarry Aircraft Corp., North Hollywood, CA, pro se.

Community Foundation of Western, Hendersonville, NC, pro se.

Darrell Survey Company, Los Angeles, CA, pro se.

Diamondback Management, San Antonio, TX, pro se.

Easley Marine Inc., Costa Mesa, CA, pro se.

Exp@nets, Valencia, CA, pro se.

E–Zup International, Riverside, CA, pro se.

FedEx Corporation, Clayton, MD, pro se.

Floor Seal Technology Inc., Milpitas, CA, pro se.

Gadd Marine Constructors Ltd., Coombs, BC, pro se.

Genuine Aircraft Hardware Company, Paso Robles, CA, pro se.

Golf Apparel Brands Inc., Los Angeles, CA, pro se.

Golf News Magazine, Rancho Mirage, CA, pro se.

Group Two, Hartford City, IN, pro se.

Harrison Sports, Pacoima, CA, pro se.

Imperial Headwear, Dallas, TX, pro se.

Innovative Aircraft Services, Santa Maria, CA, pro se.

Insurance West, Simi Valley, CA, pro se.

KC Plumbing & Heating Ltd., Cambpell River, BC, pro se.

King Power Enterprises, Walnut, CA, pro se.

Kings Air Condition & Refrigeration, Canyon Country, CA, pro se.

Litco Associates, Garden Grove, CA, pro se.

Longshot Golf Inc., Shelby Township, MI, pro se.

Material Supplies Distributing, Arleta, CA, pro se.

Montes Screw Machine Co. Inc., Chatsworth, CA, pro se.

Multiservice, Kansas City, MO, pro se.

Office Depot, Des Moines, IA, pro se.

Preferred Packaging Inc., Sun Valley, CA, pro se.

Propeller Service Of California, North Hollywood, CA, pro se.

RB Aero Co. Inc., Van Nuys, CA, pro se.

SBC, Van Nuys, CA, pro se.

Sarcom Inc., Lewis Center, OH, pro se.

Seatech Construction Ltd., Campbell River, BC, pro se.

Simplex Grinnell LP, Orange, CA, pro se.

Southwest Section PGA, Scottsdale, AZ, pro se.

Sporting Edge Trading Company Ltd., Ockley, Surrey, UK, pro se.

United Parcel Service, Los Angeles, CA, pro se.

Valencia Country Club, pro se.

Peter Van Horn, Costa Mesa, CA, pro se.

W Brown & Associates Insurance Services, Schaumburg, IL, pro se.

Wisdom Corporation, Taipei Taiwan China, pro se.

Zevo Golf, Temecula, CA, pro se.

Anthony Bull, pro se.

John Doe Individuals 1–50, pro se.

John Doe Companies 1–50, pro se.

*ORDER DENYING MOTIONS TO DISMISS OF VARIOUS DEFENDANTS (NOS. 237, 238, 265, 281, 286, 288, 304, 337, AND 338)*

CHARLES M. CALDWELL,
Bankruptcy Judge.

On January 31, 2008, the Court conducted a hearing on the above-captioned Motions to Dismiss filed on behalf of nine Defendants ("Defendants"). The Motions raise essentially three issues: 1) The joinder of approximately 130 defendants is not proper under Rule 20 of the Federal Rules of Civil Procedure; 2) This adversary should be dismissed for failure to state a cause of action upon which relief may be granted, pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure; and, 3) The instant litigation is duplicative of two other pending adversary proceedings (07–2496 and 07–2772).

At the conclusion of oral argument, the Court issued a ruling on the record. The purpose of this Order is to detail that decision in written form. A brief summary of the history of the underlying bankruptcy case and related adversary proceedings will aid in the understanding of this Court's ruling.

On September 1, 2005, a voluntary chapter 7 proceeding was commenced on behalf of Oasis Corporation and three related entities, Sunroc LLC, Parkmount, Inc. and B2 International Corporation ("Debtors"). According to a Motion for Joint Administration, dating back to 1910 the Debtors were engaged in the manufacture of filtration equipment, drinking fountains, bottled water dispensers and dehumidifiers. The Debtors sold products in 100 countries, and utilized warehouses in the United States, Canada, Ireland, England, France, Australia, Germany and China. Prior to filing the Debtors had obtained financing alleged to have been fully secured by all its assets. In response to a notice from the agent for the Lending group, on or about August 26, 2005, the Debtors surrendered the collateral for an Article 9 sale.

According to the Motion for Joint Administration, the Article 9 sale included the conveyance to the purchaser of a 35% equity interest in three foreign subsidiaries and all unsecured intellectual property. In exchange, the purchaser assumed approximately $5,000,000.00 in liabilities. It has been alleged in a related adversary proceeding (05–2478), that between August 8, 2005, and August 26, 2005, the Debtors wrongfully terminated approximately 300 employees without the requisite notice under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. Sec. 2101 et

seq. To date 272 claims have been filed seeking recovery from the Debtors in the total amount of $26,102,256.41.

Since the bankruptcy filing the Chapter 7 Trustee, Christal L. Caudill ("Trustee") has commenced approximately 325 adversary proceedings. They include preference and fraudulent conveyance recovery requests. The instant adversary proceeding, that was commenced by the Trustee on August 31, 2007, names more than 130 defendants. It is unique among all of the other 325 adversaries, in that there is one common denominator, in the form of the lead Defendant, Mr. Bruce D. Burrows ("Mr.Burrows") of Valencia, California and entities owned or controlled by him.

It is alleged that Mr. Burrows was a 51% shareholder of Oasis Corporation, and was a member of its board of directors and an officer. In addition, it is claimed that Mr. Burrows controlled numerous other business interests and entities. It is asserted that the Defendants received payments from the Debtors that solely benefitted Mr. Burrows and entities owned or controlled by him. According to the Trustee's Complaint, such payments occurred during a period when the Debtors were in financial difficulty and insolvent.

Such alleged benefits include, but are not limited to: a. payment for an airport hangar in the Los Angeles, California area; b. payment for expenses associated with a private aircraft; c. payment for expenses associated with a British Columbia island owned Or controlled by Mr. Burrows; d. payment for expenses related to a 57 foot yacht in Newport Beach, California owned or controlled by Mr. Burrows; e. payments for expenses associated with Mr. Burrows' interests in a golf businesses; and, f. payment of legal fees for entities owned or controlled by Mr. Burrows. The Trustee seeks to recover the value of these benefits as preferential payments and/or

fraudulent transfers, and through claims disallowance. 11 U.S.C. Secs. 544, 547, 548, 550, 551 and 502(d) and O.R.C. Sec. 1336.01, et seq. The complaint contains detailed listings of the alleged payments, recipients and amounts.

■ Turning to the arguments raised by the Defendants, the Court finds and concludes that the joinder of all of the Defendants is appropriate under Rule 20 of the Rules of Civil Procedure. That rule merely requires a finding that the causes of action relate to or arise from the same events or series of events, and that there are common questions of law or fact. *Luper v. Capital Conveyor, et al. (In re Lee Way Holding Company)*, 104 B.R. 881, 884 (Bankr.S.D.Ohio 1989). The premise of joinder is to maximize trial convenience, hasten final determinations and minimize the need for multiple Lawsuits. *Mosley, et al. v. General Motors Corporation, et al.*, 497 F.2d 1330, 1332 (8th Cir.1974).

Here, the common thread is Mr. Burrows who it is alleged, through entities or properties he owned or controlled, received substantial goods and services paid for by the Debtors at a time that they were struggling financially. Because it is alleged that the Debtors received no benefit from these events, the Trustee seeks to recover from the 130 parties receiving payments, the value that was lost to the Debtors. This Court could not imagine any connections that are more on point with Rule 20 than those alleged by the Trustee. The causes of action relate to or arise from the same events or series of events, all involving alleged improper benefits received directly or indirectly by an insider of the Debtors. There are common questions of law and fact, including but not limited to, insolvency and whether the Debtors derived any benefit.

Finally, joinder as opposed to an additional 130 adversaries on top of the 325

already pending in this Court, will result in more efficient administration. It will also enable the parties to come to a resolution or go to trial at an earlier opportunity. Through the development of a case management order, substantial duplication of efforts will be avoided, and perhaps the costs to the parties may be reduced. The alternative, would be the chaos of an additional 130 adversaries that involve similar issues, but that will be administered on 130 different tracks. On these bases, the Court finds and concludes that joinder is appropriate.

■ Closely related to the joinder issue, is the claim that the instant adversary proceeding is duplicative of two others before this Court. Regarding the adversary, *Caudill v. Burrows,* No. 07–2772, the Trustee correctly points out that it seeks a recovery premised on alleged breach of fiduciary duty, negligence, aiding and abetting and conspiracy against directors and officers of the Debtors. With reference to the adversary proceeding, *Caudill v. C & R Molds, Inc.,* et al., No. 07–2496, the Trustee seeks to recover not only alleged fraudulent transfers but also asserted preferential payments, without regard to any benefit to Mr. Burrows. Such charges, while raising similar issues, are materially distinct from efforts in the instant case to recover the value of payments made by the Debtors to vendors, including C & R. Molds, Inc., for the alleged sole benefit of Mr. Burrows and related entities.

These differences are sufficient to avoid dismissal of this adversary proceeding. *Smith v. SEC,* 129 F.3d 356, 361 (6th Cir.1997) citing *Congress Credit Corp. v. AJC International, Inc.,* 42 F.3d 686, 689 (1st Cir.1994). Finally, the Trustee is correct in pointing out that since the Court has not issued any ruling on the merits, it

is premature to be concerned with issue or claim preclusion.

 The final issue raised by the Defendants is that the Trustee's Complaint is deficient and should be dismissed under Rule 12(b)(6) of Federal Rules of Procedure. The Court has read the Complaint and considered the statements of the parties citing deficiencies, and has determined that the factual allegations are more than ample to state a claim for relief that is plausible on its face. *Bell Atlantic Corporation, et al. v. Twombly, et al.,* —— U.S. ——, ——, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545, 548 (6th Cir.2007); *Collins, et al. v. Marva Collins Preparatory School, et al.,* 2007 WL 1989828, n. 1 (D.S.D.Ohio 2007).

As detailed above, the essential allegation is that significant, specifically identified payments, were made to the Defendants for the benefit of Mr. Burrows or entities owned or controlled by him, rather than the Debtors. The Debtors are alleged to have been insolvent at the time. On these bases the Trustee seeks to recover numerous specifically identified payments allegedly received by the Defendants without any corresponding benefit to the Debtors.

Based upon this Court's review of the Complaint, the Trustee in exhaustive detail, including specific amounts and recipients, has more than adequately plead causes of action for constructive fraud. *The State Bank and Trust Company v. Spaeth, (In re Motorwerks, Inc.),* 371 B.R. 281, 295 (Bankr.S.D.Ohio 2007). The concerns raised by the Defendants in their pleadings and during oral argument do not establish any lack of plausibility, but rather constitute appropriate answers or defenses to the Trustee's allegations. It is clear to the Court from the oral argument that the Defendants are more than amply prepared to respond in the appropriate form of an answer. The Defendants shall file answers within thirty days from entry of this Order.

This Order is not a ruling on the merits of the very serious allegations that have been raised, and proof will be required after completion of discovery and conclusion of any motion practice. Once all of the answers or filed and requisite default judgments are entered, the Court will convene an omnibus scheduling conference. The goal will be to discuss the development of a case management order that will minimize duplication of efforts. To this end, no further pre trial orders will be issued until a case management order has been entered.

**IT IS SO ORDERED.**